## DUNCAN v. JOHNSON, Sheriff.

(Court of Civil Appeals of Texas. Amarillo. March 9, 1912.)

SHERIFFS AND CONSTABLES (§ 90*)—EXECUTION OF WRIT — INDEMNITY BOND — RIGHT TO DEMAND.

Rev. St. 1895, art. 4901, requires each sheriff to execute process directed to him, and make return thereof, and provides that any sheriff who fails to do so or makes a false return shall be liable as for contempt, and also liable to the party injured for damages sustained. *Held*, that for want of statutory authority a sheriff could not demand an indemnity bond as a condition to executing a regular writ of restitution issued on a valid judgment in forcible detainer proceedings, so that, on his refusal to execute the writ without a bond, he could be compelled to do so by mandamus.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 129, 130; Dec. Dig. § 90.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Petition for mandamus by Ruth L. Duncan against W. B. Johnson, Sheriff. From a judgment denying the writ, petitioner appeals. Reversed and rendered.

Baker & Sanders, of Canadian, for appellant. Hoover & Taylor, of Canadian, for appellee.

GRAHAM, C. J. On August 14, 1911, appellant filed her petition in the district court of Hemphill county for a mandamus against W. B. Johnson, sheriff of said county, containing among other things, allegations as follows: "Relator further represents to the court: That one Joe McCann on the 16th day of March, 1911, moved into her tenant house, situated on lots Nos. 4, 5, 6, and 7, in block 49, in the city of Canadian, Hemphill county, Texas, in precinct No. 1 of said county, under a lease contract for one month, which contract was renewed on the 10th day of April, 1911, and expired on the 10th day of May, 1911. That on the 22d day of July, 1911, relator, being desirous of repossession of said property, for the purpose of repossessing said property gave written notice to said Joe McCann to vacate said property and give her possession thereof. That said Joe McCann did not vacate as demanded.

That on the 27th day of July, 1911, relator filed her petition for forcible detainer against said Joe McCann in the justice court of Hemphill county, Tex., precinct No. 1. That said citation issued out of said court was duly served and regularly returned into said court, which petition and citation notified the said Joe McCann to appear and answer said petition on the 3d day of August, 1911. That on the 3d day of August, 1911, the said cause was called for trial, and judgment had against said Joe McCann in plaintiff's favor for possession of said premises, for costs and rents, with an award of restitution. That on the 7th day of August, 1911, a writ of restitution issued out of said justice court, and was delivered to W. B. Johnson, respondent, commanding him to deliver to relator possession of said described premises. That said W. B. Johnson, respondent, refused to execute said writ, unless relator would give him an indemnifying bond in the sum of $1,000, and so stated to relator's attorneys that he would not execute said writ only upon the condition that the relator would make said indemnity bond. That the relator could not make said bond, and that respondent still refuses to execute said writ of restitution, and says that, unless the said indemnity bond is given, he will not deliver possession of the said premises to the said relator. That the said Joe McCann is still in possession of the said premises, and that there is no way for relator to get possession of her premises unless said writ of restitution is executed. Wherefore, your relator prays that an alternative mandamus issue requiring respondent to execute said writ of restitution, and that respondent be cited to appear and answer this petition, and that, upon a hearing of this case, she have judgment compelling and requiring the said W. B. Johnson, sheriff, to execute said writ of restitution and deliver to relator the possession of said described premises, and that the respondent be cited to show cause why a peremptory writ of mandamus should not be issued herein, and that your relator recover all costs in this behalf expended." The petition was duly sworn to by relator, and on August 15, 1911, the respondent filed in the district court of Hemphill county his appearance and answer as follows: "Comes now respondent, W. B. Johnson, and waives issuance and service of process in the above-named cause, and also waives time, and agrees that the matters shall be finally disposed of at the present term of court." The cause was tried upon its merits during a regular term of court, and after hearing the pleadings and the evidence introduced thereunder, there having been no jury, the trial court rendered judgment on August 25, 1911, as follows: "On this day came on to be heard the above styled and numbered cause, the same being an application for mandamus, and, a jury being waived, the matters of fact, as well as of law, were submitted to the court, and the court

after hearing the petition for said mandamus and the answer filed by the defendant herein and the evidence thereon, was of the opinion that the law was against said petition, and that the mandamus therein prayed for should be refused and denied. It is therefore ordered, adjudged, and decreed by the court that the said mandamus be and the same is in all things refused and denied, and it is further ordered, adjudged, and decreed by the court that the plaintiff pay all costs herein incurred, and that the defendant recover his costs and go hence without day. It is further ordered that execution issue to enforce payment of the costs herein, to which ruling and judgment of the court relator in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Seventh Supreme judicial district of Texas, at Amarillo, Tex., and said relator requests the court to file findings of fact and conclusions of law herein."

On September 8, 1911, the trial court filed his findings of fact and conclusions of law as follows:

"At the request of plaintiff, the court files the following findings of fact and conclusions of law:

"Findings of Fact.

"(1) I find: That plaintiff, Mrs. Ruth L. Duncan, being the owner of a dwelling house situated on lots Nos. 4, 5, 6, and 7, in block 49, in the city of Canadian, Hemphill county, Tex., after giving written notice as required by law, filed her petition in forcible detainer against Joe McCann in the justice court of Precinct No. 1, said Joe McCann being a tenant of plaintiff in the above described premises. That on the 3d day of August, 1911, a trial was had in said cause and judgment duly rendered in plaintiff's favor for the possession of the premises, costs, etc., with an award of restitution. That on the 7th day of August, 1911, a writ of restitution issued out of said justice court, and was delivered to W. B. Johnson, sheriff of Hemphill county, commanding him to deliver to said Mrs. Ruth Duncan the possession of said described premises.

"(2) I find: That said W. B. Johnson, sheriff, refused to execute said writ, unless Mrs. Ruth L. Duncan would give him an indemnifying bond in the sum of $1,000 to protect him against any damage suit which might be instituted against him, and which he verily believed would result from the execution of the writ. That said Mrs. Ruth L. Duncan refused to execute such indemnity bond.

"(3) I further find: That on the 14th day of August, 1911, said Mrs. Ruth L. Duncan filed her petition in the district court of Hemphill county, Tex., which is this suit, praying that upon hearing of the same that the court order the issuance of a writ of mandamus, commanding and requiring said W. B. Johnson, sheriff, to ex-

ecute said writ of restitution and deliver to the relator the possession of said described premises.

"(4) That upon hearing of said petition for mandamus had on the 25th day of August, 1911, a judgment was rendered, refusing said writ of mandamus.

## "Conclusions of Law.

"I conclude as a matter of law that W. B. Johnson, sheriff, had a right to demand an indemnity bond, and, upon the refusal of relator to execute same, to refuse to execute the said writ of restitution, and that a writ of mandamus could not be legally issued compelling him to do so."

There is found in the record an agreed statement, duly signed by parties to the suit and approved by the trial court, as follows:

"We, the parties to the above numbered and styled cause, whose names are signed thereto, being all of the parties to this suit, hereby agree that the following is a brief statement of the case and of the facts proven on the trial thereof:

"(1) The plaintiff, Ruth L. Duncan, pleaded: That she had recovered judgment against Joe McCann in justice court, Precinct No. 1, Hemphill county, Tex., in her suit of forcible detainer against him for the possession of the following lots and premises, situated in justice's precinct No. 1, Hemphill county, Tex.: Lots Nos. 4, 5, 6, and 7, in block No. 49, in Canadian, Hemphill county, Tex., recovering said judgment of the 3d day of August, 1911. That on the 7th day of August, 1911, she procured a writ of restitution on said judgment, and placed it in the hands of defendant, W. B. Johnson, sheriff, of Hemphill county, Tex., commanding him to deliver possession of said lots and premises to plaintiff. That said sheriff refused to execute said writ unless plaintiff would give him an indemnity bond, indemnifying him from any damages that could grow out of the execution of said writ. That plaintiff refused to so indemnify said sheriff, and he has at all times till the trial refused to execute said writ and deliver possession of said property to plaintiff. Defendant admitted possession of said writ, admitted said judgment and its regularity, and pleaded that he refused to deliver possession of said property to plaintiff and execute said writ for that purpose because plaintiff refused to indemnify him with a bond against damages for the execution of the writ.

"(2) The following facts were proven: The service and judgment of the justice court in plaintiff's favor as pleaded by her, the issuance and delivery of the writ of restitution issued on said judgment to W. B. Johnson, defendant, sheriff, and the refusal of said Johnson to execute same. That he demanded that plaintiff indemnify him, and that plaintiff refused to do so, and that up-on the said refusal he refused to execute said writ and, still refuses to do so. The sheriff refused to execute the writ, and demanded an indemnity bond before doing so. If the bond had been given, he would have executed the writ. The plaintiff, Ruth L. Duncan, was able to give the bond, but refused to give it. Upon her refusal the sheriff refused to execute the writ.

"(3) The following issues of law are involved in this case: (1) A writ of restitution issued out of the court of competent jurisdiction on a judgment in forcible detainer, the judgment and writ being regular, the writ commanding the officer to deliver possession of premises accurately described in the judgment and writ to the plaintiff in the judgment and writ, being placed for execution in the hands of the sheriff, is it not the duty of such sheriff to execute the writ and deliver possession of the premises to the plaintiff? And, if he refuses to do so, should not peremptory mandamus issue against him, commanding him to perform such duty? (2) When such a writ is in the hands of a proper sheriff, has he the right to compel plaintiff in the judgment to execute an indemnity bond to him before he will execute the writ and deliver plaintiff possession of the premises described in the writ, and, if he has no such right, should not mandamus issue against him, commanding him to execute the writ and deliver possession of the premises? We agree that this case upon appeal may be decided upon this agreed statement and the judge's findings and conclusions of law in accordance with the provisions of the statute and determined accordingly."

From the judgment rendered by the trial court, the plaintiff appeals to this court, and submits the case on the following assignment of error: "The trial judge erred in his only conclusion of law in holding that the defendant as a sheriff had a right to demand an indemnity bond of the plaintiff in the writ of restitution before he would execute said writ and deliver possession of the premises specifically named therein to plaintiff; and in holding that it was not the duty of said sheriff to execute said writ and deliver the premises described therein to plaintiff without being indemnified by the plaintiff for the performance of his duty; and in holding that a writ of mandamus could not be legally issued, commanding defendant as sheriff to perform his duty in the execution of said writ of restitution under the circumstances, because under the law the defendant had no right to demand indemnity from plaintiff as a prerequisite to the performance of the duty incumbent on him; and because it was his duty, under the law, to execute said writ of restitution and deliver possession of the premises named in it to plaintiff, notwithstanding the refusal of the plaintiff to give him an indemnity bond; and because it having been shown to the trial

judge that the defendant was in possession of a legal writ commanding him to perform a certain act, with reference to certain property, specifically described in the writ, it was the duty of the trial judge to order mandamus to issue, compelling the defendant to perform his duty as sheriff by executing such writ."

Appellee urges objections to our considering appellant's assignments of error, on the ground that the same does not specifically point out the error complained of, but contains two separate and distinct grounds of error, and is argumentative, and is not such an assignment as this court is authorized to consider under the rules of the Courts of Civil Appeals.

We have some doubt as to whether or not the assignment of error is in such form as to require that we consider same, but we have concluded to consider it, and will dispose of the appeal on the question presented therein, which, as we view the matter, is, Was it the duty of the trial court to grant judgment for mandamus on the facts found by him, and on the agreed statement found in the record and approved by him? And, if so, then the judgment of the trial court should be reversed, and judgment should be here rendered awarding the mandamus prayed for. If, on the other hand, the findings of fact made by the trial court and the agreed statement found in the record and approved by him did not affirmatively require the rendition of a judgment awarding the mandamus, the judgment of the trial court should be here affirmed. It will be observed from the findings of fact of the trial court and the other facts found in the record agreed to by counsel and approved by the trial court that a valid and binding judgment had been rendered in the justice court of precinct No. 1, Hemphill county, adjudging relator entitled to the possession of specific premises as against the defendant in that proceeding and that the judgment in that proceeding awarded a writ of restitution or possession; that such writ describing the premises had been issued out of that judgment and placed in the hands of the respondent, appellee herein, who was at that time sheriff of Hemphill county, Tex., with a request that he execute said process, and that he declined to do so on the grounds that he might subject himself to damage proceedings, and refused to execute the process because appellant in turn declined to furnish an indemnity bond, as requested by the sheriff. Revised Statutes of Texas, art. 4901, provides: "Each sheriff shall execute all process and precepts directed to him by legal authority and make return thereof to the proper court on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or shall make a false return on any process or pre-

cept, shall for every such offense be liable to be fined by the court to which such process is returnable as for a contempt, not exceeding one hundred dollars, at the discretion of the court, which fine shall go to the county treasurer, and such sheriff shall also be liable to the party injured for all damages he may sustain." We find no statute authorizing or requiring the giving of an indemnity bond in cases like the one here involved, and while, in our judgment, if appellant had given one it could not have been proceeded on as a statutory bond, it might have been good as a common-law obligation.

We are aware of the fact that the courts of this state have held that an officer might require an indemnity bond in some instances where there has been an express statutory provision therefor, yet an investigation of these cases we think will show that they were those in which the property to be affected by the process was not specifically pointed out in the writ or in cases where there had not been a judgment of court awarding the writ. In this case there was a judgment of a court of competent jurisdiction awarding the right of the possession of the premises described to appellant as against defendant in the forcible detainer proceeding and also ordering the issuance of a writ, divesting the then possessor of the premises from possession thereof and placing appellant in possession thereof, and, the writ having issued on said judgment and the writ having commanded the officer to enforce the judgment of the court, we fail to see how said officer could under any conditions have subjected himself to any liability for any character of damage arising from the mere execution of the process, and for that reason we are of the opinion that it was the duty of the trial court under the record as made to have awarded the mandamus writ.

The trial court having failed so to do, and it being the duty of this court to render such judgment as should have been rendered by the trial court, the judgment of the trial court will be reversed and judgment will here be rendered awarding the writ of mandamus as prayed for, and it is so ordered. All costs of this appeal, as well as the costs incurred in the trial court in this proceeding, will be taxed against the appellee; and it is so ordered.